IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELCINA BLANTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 CV 3156 |
| ) | |
| ROUNDPOINT MORTGAGE SERVICING CORP., ) | |
| and LOCKE LORD LLP ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**

Defendants, RoundPoint Mortgage Servicing Corporation and Locke Lord LLP, move pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent authority for sanctions against plaintiff for her ongoing conduct in preventing defendants from discovering facts relevant to her claim for actual damages. As discovery is set to close soon, the Court should enter an order precluding plaintiff from offering evidence of actual damages at summary judgment or trial as provided under Rule 37(b)(2)(A)(ii).

For over a year, defendants have attempted to complete discovery and move this case toward a resolution. Despite warnings from the Court and defendants' best efforts, plaintiff continues to obstruct defendants' ability to complete discovery. She promised to obtain and produce her medical records but failed to do so, which has frustrated defendants' ability to defend against her claim for medical damages. She also failed to properly identify her husband as a person with relevant knowledge about her alleged emotional distress and other injuries, and she refuses to verify her husband's name and whereabouts. This has prevented defendants from discovering facts in defense of plaintiff's claims. Defendants have repeatedly sought to mitigate

the inevitable prejudice resulting from plaintiff's conduct in discovery; but with discovery set to close in a month: enough is enough. Sanctions are appropriate.

## BACKGROUND

Defendants served their first set of discovery requests on plaintiff on November 7, 2016. True and correct copies of defendants' first set of interrogatories and first set of requests to produce are attached as <u>Group Exhibit 1</u>. Plaintiff served her responses on December 9, 2016. True and correct copies of plaintiff's responses to interrogatories and requests to produce are attached as <u>Group Exhibit 2</u>.

### I. PLAINTIFF FAILED TO PRODUCE HER MEDICAL RECORDS.

Despite alleging that she had suffered actual damages in the form of various medical ailments, plaintiff failed to timely produce her medical records as requested by defendants. *See* <u>Ex. 1</u> at request Nos. 11 & 12. Plaintiff did not object to the production of the records, and she affirmatively stated that she *would* produce the records after the entry of a protective order. <u>Ex 2</u> at response Nos. 11 & 12.[1] Despite the entry of the protective order and repeated requests from defendants, plaintiff never produced her medical records. In an attempt to mitigate the prejudice that resulted from plaintiff's failure to produce documents within her control, defendants issued a subpoena to plaintiff's primary health care provider to obtain the records. A true and correct copy of the subpoena issued to Dr. Michael Bice is attached as <u>Exhibit 3</u>. Defendants remain in the dark about whether any other medical records exist as to any other healthcare provider.

### II. PLAINTIFF FAILED TO IDENTIFY HER HUSBAND AS A RELEVANT WITNESS AND FAILED TO SUPPLEMENT HER DISCOVERY RESPONSES.

Separately, plaintiff did not identify her husband as someone with "knowledge and/or information relating to the allegations in the Complaint, and the damages allegedly suffered."

---

[1] It should be noted that a protective order had already been entered at the time when plaintiff first responded. *See* Dkt. No. 96.

*See Ex. 2* at response to interrogatory No. 2. Defendants have also sought to mitigate the prejudice of this additional discovery abuse by plaintiff. Defendants conducted an investigation, and based on that investigation they had reason to believe that plaintiff's husband was named John Blanton. Defendants then issued a subpoena directed to "John Blanton," and hired a process server who made multiple attempts to serve "John Blanton" at plaintiff's property. The process server has been unable to serve Mr. Blanton, however. In an effort to ensure service, get the deposition scheduled, and advance the discovery process, counsel for defendants conferred with plaintiff's counsel about whether "John Blanton" was intentionally evading service. Plaintiff's counsel indicated that Mr. Blanton was not evading service, but "he apparently travels and is not often at home." *See* email exchange between counsel attached as *Exhibit 4*. Plaintiff's counsel made no mention of "John Blanton" no longer living with plaintiff or that "John Blanton" was not even plaintiff's husband's name. Subsequently at a settlement conference plaintiff's husband was referred to as "John Blanton" and neither plaintiff nor her counsel made any indication that name was incorrect.

At a subsequent status hearing, plaintiff's counsel sought to prevent the deposition of Mr. Blanton. *See* relevant portions of the July 6, 2017 transcript attached as *Exhibit 5* at 21:9-28:17. Judge Weisman rejected that request, stating that "[the Court] cannot imagine a better witness to describe the health complications of the stress of this situation than [plaintiff's] husband." *Exhibit 5*, 22:21-23. He further stated he "cannot imagine a better witness to help explain what other injuries [plaintiff] may have suffered," including emotional distress and other injuries. *Ex. 5*, 27:9-11.

Plaintiff's prior counsel eventually withdrew and new counsel appeared. Defendants asked new counsel if he would accept service of the "John Blanton" subpoena in order to expedite the discovery process. *See* Dkt. No. 146. Counsel declined. *See* email exchange

3

between defendants' counsel and plaintiff's counsel attached as *Exhibit 6*. Accordingly, defendants' counsel asked plaintiff's counsel to confirm the best address for service of a subpoena. Plaintiff's counsel responded that John Blanton's address is unknown; he did not indicate that John Blanton was not plaintiff's husband's name. *See Ex. 6*. Concerned about counsel's representation that plaintiff does not know her husband's address, defendants' demanded a verified supplement to plaintiff's interrogatory responses identifying her husband and confirming his last known address. *See Ex. 6*. Plaintiff has failed and refused to comply.

Defendants also retained an investigator to attempt to track down plaintiff's husband so that he could be served and deposed prior to the expiration of the discovery cutoff. The investigator has uncovered facts indicating that "John Blanton" could really be "John Goodluck." Defendants' counsel immediately asked plaintiff's counsel to confirm whether her husband's name was actually John Goodluck and not John Blanton. *See Ex. 6*. Plaintiff's counsel has not responded.

Finally, in an effort to avoid Court involvement and pursuant to Local Rule 37.2, counsel for defendants sent plaintiff's counsel a letter detailing the current discovery issues and requesting a verified supplement by February 16, 2018. See *Exhibit 7*. Counsel for defendants also called plaintiff's counsel on Friday, February 16, 2018, but he was unavailable. Plaintiff's counsel has not responded to defense counsel's letter or phone call.

Accordingly, defense counsel's attempts to engage in consultation with plaintiff's counsel have been unsuccessful due to no fault of defense counsel.

**LEGAL STANDARD**

"The Federal Rules of Civil Procedure and the inherent authority of the courts to manage their own matters provide authority to sanction a litigant who fails to abide by its discovery obligations." *Reddick v. Bloomingdale Police Officers*, No. 96 C 1109, 2003 WL 1733560, at *8

(N.D. Ill. Apr. 1, 2003). A court has wide latitude in fashioning appropriate sanctions under Rule 37 for discovery violations. *See e.g., Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir.1999); *Langley v. Union Electric Co.*, 107 F.3d 510, 515 (7th Cir.1997). The Court also has inherent authority "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)(quoting *Link v.. Wabash Railroad Co.*, 370 U.S. 626, 630–631 (1962)). This inherent power "can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at 49; *Dotson v. Bravo*, 202 F.R.D. 559, 574 (N.D.Ill. 2001). "Where the court finds that a litigant has violated Rule 26 by failing to supplement an earlier disclosure or discovery response, or where the litigant has committed a parallel discovery failure, the court may fashion an appropriate sanction from a wide range of options, so long as the sanction is just and proportionate to the circumstances surrounding the violation." *Reddick*, 2003 WL 1733560 at *9.

Rule 26(e)(1) states that a "party…who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 37(c)(1) states that, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e)…the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;…(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Finally, Rule 37(b)(2)(A)(ii) allows the Court to prohibit "the disobedient

party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." This is the relief requested by this motion.

## ARGUMENT

### PLAINTIFF HAS PRECLUDED DEFENDANTS FROM DISCOVERING FACTS RELEVANT TO HER CLAIM FOR ACTUAL DAMAGES; AS A SANCTION, SHE SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE ON THAT ISSUE.

Plaintiff should be sanctioned—under either Rule 37 or the Court's inherent authority—for her repeated failures to participate in the discovery process and specifically for her failure to produce her medical records and her intentional concealment of her husband's name and whereabouts in violation of Rule 26.

Because of plaintiff's failures, defendants do not know if there are any other medical records that are relevant to plaintiff's health, which she claims was negatively impacted by defendants' alleged conduct in this case. Defendants' inability to discover relevant facts related to plaintiff's medical history due to plaintiff's refusal to participate in discovery is highly prejudicial. Plaintiff is alleging that she suffered actual damages in the form of various health issues that were caused by defendants' conduct. Defendants are entitled to review plaintiff's medical records to determine whether any of the ailments allegedly caused by defendants' conduct existed prior to any interaction with defendants or have other medical explanations. Plaintiff's conduct has prevented defendants from this information, and ought to be redressed by the Court. *See Fischer v. Dunning*, 574 Fed. Appx. 828, 830-31 (10th Cir. 2014) (upholding dismissal as discovery sanction for failure to produce requested medical records where plaintiff's physical health was at issue); *see also Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 595 (D. Nev. 2011) (barring plaintiff from offering evidence from any medical records or health care provider that were not identified in discovery); *Alexander v. Glut Food, Inc.*, No. AW–10–955, 2012 WL 2126548, at *3 (D. Md. June 11, 2012) (magistrate report and

6

recommendation recommending dismissal of claims where plaintiff asserted damages based on health issue as sanction for failure to produce medical records; the report and recommendation was subsequently adopted by the district court on June 21, 2012).

Moreover, plaintiff should have identified her husband and provided information about where he could be served with a subpoena in response to defendants' discovery request. *See Ex. 1* at interrogatory No. 2. She also had a continuing obligation to correct that glaring error by supplementing her response in a manner consistent with her obligations under Rule 26(e)(1) and in response to ddefendants'' counsel's express request for supplemental information regarding plaintiff's husband. *See Ex. 6*.

Plaintiff's refusal to fairly identify her husband in a timely manner is prejudicial to defendants because in the year since plaintiff made that material omission, apparently, her husband may have moved out and is now evading service. Plaintiff's conduct has prevented defendants from obtaining relevant discovery from her husband who, as this court already indicated, is an ideal witness to "describe the health complications of the stress of this situation" and how plaintiff handled it. *Ex. 5* at 22:21-23. Plaintiff's husband's conduct is of particular importance in this case because a third-party witness testified that he appeared in court and falsely represented himself as the plaintiff, and that his conduct toward defendants and their personnel on behalf of plaintiff indicates a potential bias that may be relevant to the credibility of plaintiff's own testimony. *See* relevant portions of the deposition of Courtney Nogar attached as *Exhibit 8*; 19:18-20, 37:20-38:1-2. Plaintiff's latest discovery violation is a blatant violation of Rule 26(e)(1) that should result in the entry of sanctions. *See Reddick*, 2003 WL 1733560, at *11 (finding that party's failure to supplement discovery responses when those responses are "no longer…complete or accurate violates the spirit of complete, non-evasive discovery embodied in the Federal Rules. It also implicates counsel's duties under Northern District of Illinois Local

7

Rule 83.53.3."); *see also Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433584, at *6 (N.D. Ill. July 2, 2002) (affirming magistrates report and recommendation implementing sanctions for party's failure to supplement discovery responses pursuant to Rule 26(e)(1)).

Sanctions barring plaintiff from submitting any evidence related to actual damages are specifically authorized by Rule 37(b)(2)(A)(ii). Plaintiff unquestionably failed to comply with her obligation to supplement pursuant to Rule 26(e)(1), which is a violation of Rule 37(c)(1). *Nachman v. Regenocyte Worldwide, Inc.*, No. 2:13–cv–00319–MMD–PAL, 2014 WL 3748616, at *11 (D. Nev. July 29, 2014) ("Rule 37 'gives teeth' to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed."). Rule 37(c)(1) specifies that courts can utilize the sanction specifically set out in Rule 37(b)(2)(A)(ii) and bar a nonconforming "party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." That is the correct remedy here, and plaintiff should be barred from offering evidence of actual damages at summary judgment or trial. *See Cretney-Tsosie v. Creekside Hospice II, LLC*, No. 2:13-cv-00167-APG-PAL, 2016 WL 1257867, at *6 (D. Nev. Mar. 30, 2016) (barring plaintiff from presenting "any evidence" related to damages that was not timely disclosed in discovery).

## CONCLUSION

For the reasons set forth above, Defendants, RoundPoint Mortgage Servicing Corporation and Locke Lord LLP, respectfully request entry of an order barring plaintiff from presenting any evidence in support of her claims for actual damages and compelling her to pay defendants' attorney's fees and costs associated with this motion.

8

Dated: February 21, 2018                                ROUNDPOINT MORTGAGE
                                                        SERVICING CORPORATION and
                                                        LOCKE LORD LLP

                                                        By:/s/David F. Standa
                                                           One of their attorneys

Simon Fleischmann
*sfleischmann@lockelord.com*
David F. Standa
*dstanda@lockelord.com*
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone: 312.443.0700

9

America 67966317v.2

## **Certificate of Service**

   I, David F. Standa, an attorney, do hereby certify that on February 21, 2018, I caused the foregoing Motion for Discovery Sanctions to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

                            /s/David F. Standa