IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELCINA BLANTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 CV 3156 |
| ) | |
| ROUNDPOINT MORTGAGE SERVICING CORP., ) | |
| and LOCKE LORD LLP ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR LIMITED EXTENSION OF DISCOVERY DEADLINE
TO COMPLETE THIRD PARTY DISCOVERY**

RoundPoint Mortgage Servicing Corporation and Locke Lord LLP ("Defendants") move for a limited twenty-eight (28) day extension of time, up to and including April 13, 2018, to complete third party discovery. The extension sought by this motion is in the alternative to the relief sought in Defendants' pending motion to bar Plaintiff from offering any evidence of actual damages in this case as a sanction for failing to identify witnesses and disclose facts in discovery [Dkt. 148]. If the Court denies the motion for sanctions, then Defendants request a limited extension of time to identify, locate, serve subpoenas, and depose Leon Stiles along with other witnesses who were not identified by Plaintiff before the date of this motion.

1. The deadline to complete discovery is March 16, 2018. Dkt. No. 146.

2. In their continuing effort to complete third party discovery, Defendants reissued a subpoena for a man Plaintiff claims is her brother, Leon Stiles, on February 6, 2018.[1] *See* <u>Exhibit 1</u>. Defendants again issued this subpoena to be served on Mr. Stiles at 7837 South Sangamon Street, Suite 101, Chicago, IL 60620, which is the address Plaintiff provided in her

---

[1] Defendants had previously issued subpoenas for Leon Stile and John Blanton on January 9, 2017, January 23, 2017, February 9, 2017 [*See* Dkt. Nos. 101 & 110], and March 23, 2017 (*see* <u>Exhibit 2</u>), respectively..

CHI1 1812360v.1

response to Defendants' interrogatory No. 2. *See* Dkt. No. 148-2 at p. 1. Moreover, Plaintiff recently confirmed, through counsel, that the address she originally provided for Mr. Stiles was "still valid." *See* Dkt. No. 148-6 at p. 2.

3. Despite multiple attempts to serve Mr. Stiles at the address provided by Plaintiff, Mr. Stiles has not been served with his subpoenas yet. Multiple process servers for Defendants have made twenty-one (21) attempts to serve Mr. Stiles at the address provided by Plaintiff at different times of day with no success. *See* true and correct copies of affidavits of non-service attached as *Exhibit 3*. On two separate occasions process servers have been threatened with physical violence by someone residing at the address provided by Plaintiff for Mr. Stiles. *See* email attached *Exhibit 4*; *see also Ex. 3* at p. 4. As a result, Defendants need additional time to serve Mr. Stiles with his subpoena so he can be deposed.

4. After learning that Plaintiff's husband may not be named John Blanton, Defendants issued a subpoena for John Blanton aka John Goodluck on February 28, 2018. *See Exhibit 5*. Defendants are not certain that either of those names are correct, which is why this individual's identity and whereabouts are the subject of Defendants' pending motion for sanctions. *See* Dkt. No. 148. Because Defendants do not know the name nor the location of this individual, and because Plaintiff will not disclose that information, Defendants need additional time to locate, serve and depose Mr. Blanton or Goodluck or whoever this individual may be.

5. Defendants have also recently learned that there are two previously unidentified doctors who treated Plaintiff during the time period relevant to her claims. During Plaintiff's deposition today, March 8, 2018, she testified that the doctor referenced in paragraph 63 of her complaint—who she allegedly called after receiving correspondence from Defendants and who allegedly increased Plaintiff's blood pressure medication—was a "Dr. Ten." Plaintiff further testified that she did not disclose "Dr. Ten" in response to Defendants' interrogatory No. 2

because it "slipped her mind."[2] Also during her deposition today, Plaintiff testified that a "Dr. Levi" informed her that she needed to delay her knee surgery because of complications with her blood pressure. She testified that she did not identify "Dr. Levi" in response to Defendants' interrogatory No. 2 because she did not think it was relevant; she also testified that she relied on her lawyers in making that determination. Because these two doctors, who both likely have discoverable, relevant information regarding Plaintiff's alleged physical damages were not identified until today, Defendants need additional time to locate, subpoena and depose them.

WHEREFORE, if the Court does not grant Defendants' motion for sanctions (Dkt. No. 148) and bar Plaintiff from presenting evidence related to her actual damages, Defendants' respectfully request entry of an order granting a limited twenty-eight (28) day extension of time, up to and including April 13, 2018, for Defendants to complete the third party discovery related to Mr. Stiles, Mr. Blanton aka Mr. Goodluck, Dr. Ten and Dr. Levi, and granting such further relief as the Court finds just and appropriate.

DATED: March 8, 2018

RoundPoint Mortgage Servicing Corporation and Locke Lord LLP

By: /s/ David F. Standa
One of Their Attorneys

Simon Fleischmann (6274929)
*sfleischmann@lockelord.com*
David F. Standa (6300942)
*dstanda@lockelord.com*
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312.443.0700

---

[2] Defendants do not yet have a copy of the transcript from today's deposition, so they are unable to review to confirm this was Plaintiff's exact quote, but her testimony was either this exactly or something very close to it.

CHI1 1812360v.1

-4-

## **CERTIFICATE OF SERVICE**

      I, David F. Standa, an attorney, certify that I caused the foregoing Motion for Limited Discovery Extension of Discovery Deadline to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on March 8, 2018.

                                            /s/David F. Standa

CHI1 1812360v.1