IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELCINA BLANTON, )<br>　　　Plaintiff, )<br>　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　)<br>ROUNDPOINT MORTGAGE SERVICING )<br>CORP., and LOCKE LORD LLP, )<br>　　　　　　　　　　)<br>　　　Defendants. ) | Case No. 15 CV 3156 |

**ROUNDPOINT'S MOTION TO QUASH DEPOSITION NOTICES**

Defendant RoundPoint Mortgage Servicing Corporation respectfully moves for an Order quashing Plaintiff's notices of depositions as to RoundPoint's non-party employees David Hughes and Jeffrey Martin. *See* Group Exhibit A. Plaintiff improperly seeks to depose Hughes and Martin upon notice rather than serving them with subpoenas under Rule 45.

**INTRODUCTION**

Late in the evening on March 5, 2018, barely 10 days before the close of discovery, Plaintiff served notices of depositions identifying two non-party, out-of-state individuals whose names appear on letters that were sent to Plaintiff by RoundPoint. Defense counsel contacted Plaintiff's counsel the next morning to confer about whether Plaintiff intended to serve the proposed deponents with subpoenas. Plaintiff's counsel responded by email: "As Vice-Presidents, they are Officers of Roundpoint and thus Rule 45 Subpoenas are not necessary since they are being called for their actions that were taken in their corporate capacity on behalf of the Defendant."[1] Neither David Hughes nor Jeffrey Martin is an officer subject to deposition upon notice, however, and RoundPoint therefore brings this motion, supported by evidence, to quash Plaintiff's efforts to circumvent the ordinary rules of discovery.

---

[1] A copy of Plaintiff's counsel's email conferring about this discovery dispute is attached to this motion as *Exhibit B*.

**ARGUMENT**

**Hughes and Martin are not officers of RoundPoint subject to deposition upon notice.**

Plaintiff cannot depose any RoundPoint employee she chooses upon notice without serving a subpoena; rather, "[a] party is entitled to identify and notice for deposition a specific *corporate officer, director or managing agent* under Rule 30(b)(1)…." *Playboy Enterprises Int'l, Inc. v. Smartitan (Singapore) Pte. Ltd.*, No. 10 C 4811, 2011 WL 5529928, at *1 (N.D. Ill. Nov. 14, 2011) (emphasis added). As noted above, when the parties conferred about this issue, Plaintiff narrowed the scope of this dispute to the question of whether Hughes and Martin may be deposed upon notice as officers of RoundPoint because they signed letters to Plaintiff under the title "vice president."

Hughes and Martin do not qualify as officers of RoundPoint. Under Florida law,[2] a corporation's officers include only those persons or positions "described in its bylaws or appointed by the board of directors in accordance with the bylaws." Fla. Stat. § 607.08401. Illinois law is even more restrictive: officers are limited to those listed in the bylaws. 805 ILCS 5/8.50. Under no circumstances does a job title alone mean that anyone is a corporate officer, nor does simply signing a letter that was produced in discovery. *See Earthy, LLC v. BB&HC, LLC*, No. 16 CV 4934, 2017 WL 4512761, at *2 (N.D. Ill. Oct. 10, 2017) (rejecting argument that employee who appeared in a high position on an organizational chart and signed an agreement at the center of the dispute may be deposed without a subpoena). Plaintiff has offered no valid basis for concluding that Hughes and Martin are RoundPoint officers. Plaintiff's notices of depositions should be quashed on that basis alone.

Further, to remove any doubt, RoundPoint offers the Declaration of Steven B. Forsythe, RoundPoint's General Counsel and Corporate Secretary, to affirmatively establish that Hughes

---

[2] RoundPoint is incorporated under Florida law. *Exhibit C*, at ¶ 2, Ex. 1.

and Martin are not officers. See <u>Exhibit C</u>. David Hughes is a Senior Vice President of RoundPoint's Contact Center, and Jeffrey Martin is a Vice President of Correspondence. <u>Ex. C</u> at ¶ 3. Neither Hughes nor Martin is identified as an officer in RoundPoint's bylaws, nor do the bylaws list Hughes's or Martin's positions as officer positions in the corporation. *Id.* Only one Vice President position is listed as an officer in the bylaws of RoundPoint, but that particular position is held by a person who is not Hughes or Martin. *Id.* at ¶ 3, Ex. 1. Accordingly, neither Hughes nor Martin qualifies as an officer of RoundPoint under Florida or Illinois law; therefore, neither is subject to deposition upon notice without a proper subpoena.[3] The Court should quash Plaintiff's notices of their depositions.

## CONCLUSION

For the reasons set forth above, Defendant RoundPoint Mortgage Servicing Corporation respectfully requests entry of an order quashing the Plaintiff's notices of depositions, and for such further and other relief as the Court deems just and appropriate.

Dated: March 9, 2018                                      ROUNDPOINT MORTGAGE
                                                                                    SERVICING CORPORATION

                                                                                    By: /s/David F. Standa
                                                                                       One of their attorneys

Simon Fleischmann
*sfleischmann@lockelord.com*
David F. Standa
*dstanda@lockelord.com*
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone: 312.443.0700

---

[3] Even if Plaintiff had taken the broader position that Hughes and Martin qualify as "directors" or "managing agents," the facts established in the Forsythe Declaration would defeat that position as well. Hughes and Martin are simply not the type of employees that may be deposed upon notice alone.

## CERTIFICATE OF SERVICE

    I, David F. Standa, an attorney, do hereby certify that on March 9, 2018, I caused the foregoing Motion to Quash Deposition Notices to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

                                                          /s/David F. Standa