# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MELCINA BLANTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 3156 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ROUNDPOINT MORTGAGE SERVICING CORP. and LOCKE LORD LLP, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants have filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 37 for discovery sanctions [148] and for a limited extension of the discovery deadline [158]. For the reasons set forth below, the motions are granted in part.

## Discussion

In relevant part, Rule 37 provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions, including [prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence or dismissing the action in whole or part].

Fed. R. Civ. P. 37(c)(1); *see* Fed. R. Civ. P. 37 (b)(2)(ii), (v); Fed. R. Civ. P. 26(e)(1) ("A party who has . . . responded to an interrogatory [or] request for production . . . must supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). Defendants assert that plaintiff failed to provide information about her current or former husband, John Blanton, and two of her treating physicians, Drs. Levi and Ten, in response to their discovery requests and should therefore be sanctioned with dismissal of this case or her claim for actual damages.

Plaintiff claims that her discovery responses with respect to her purported husband do not violate Rule 37. In response to defendants' interrogatories 12 and 13, which asked plaintiff to "[i]dentify each time [her] husband, John Blanton," spoke with Locke Lord and Roundpoint, respectively, plaintiff responded: "Plaintiff objects to this Interrogatory as irrelevant and calling for hearsay." (Defs.' Mot. Sanctions, Ex. 2, ECF 148-2.) She contends that her responses were proper because she does not have a husband, let alone one named John Blanton. If that is the case—and that is a big if because, as improbable as it seems, the record is murky with respect to plaintiff's marital status—then plaintiff should have disclosed that fact in her response. Instead, plaintiff objected to the interrogatories and until her deposition (*see generally* Defs.' Sur-Reply Supp. Mot. Sanctions, Ex. 1, Pl.'s Dep., ECF 178-1) repeatedly represented to defendants and the Court that she was married to John Blanton. (*See, e.g.,* Defs.' Mot. Sanctions, Ex. 4, 3/13/17 Email from Emerson to Standa, ECF 148-4 ("As far as John [Blanton] goes, he apparently travels and is not often at home."); *id.*, Ex. 5, 7/6/17 Hr'g Tr., ECF 148-5 at 21-28 (plaintiff's counsel stating that plaintiff is "legally married"); *id.*, Ex. 6, 2/6/18 Email to Standa from Rubenstein, ECF 148-6 (stating that "John Blanton['s] address [is] unknown"); Defs.' Reply Supp. Mot. Sanctions, Ex. 1, 6/30/17 Email from Dann to Standa & Fleischmann, ECF 168-1 ("We will agree not to call Melcina's husband John at trial."); *id.*, 1/12/17 Email from Emerson to Standa ("I was advised by Melcina that the husband will not allow us to accept service of the deposition notice . . . .").)

Plaintiff contends that her subterfuge was harmless because: (1) there is no guarantee that John Blanton would have given defendants any information about plaintiff's damages that plaintiff herself had not provided; and (2) plaintiff agreed not to call Mr. Blanton as a witness at trial. (Pl.'s Opp'n Mot. Sanctions, ECF 171 at 6-7.) Neither assertion is persuasive. Most of the damages plaintiff claims are for emotional distress. The testimony of plaintiff's spouse or former spouse would likely be highly relevant to that issue, relevance that is not vitiated by the fact that plaintiff will not call him as a trial witness. Defendants should have had the opportunity to depose Mr. Blanton, regardless of whether plaintiff planned to call him at trial. Thus, plaintiff's failure to supplement with accurate information her evasive answers to defendants' interrogatories 12 and 13 was not harmless.

Nor was plaintiff's admitted failure to identify Drs. Levi and Ten in response to defendants' interrogatory 2, which asked for the names of people with knowledge of the allegations in her complaint. (*See* Defs.' Mot. Sanctions, Ex. 2, Pl.'s Resp. Interrogs., ECF 148-2 at 1.) Plaintiff says she did not identify Dr. Levi because she "had no intention of calling [him] in this case as a witness." (Pl.'s Opp'n Mot. Sanctions, ECF 171 at 8.) The interrogatory, however, asked plaintiff to identify people with knowledge of her allegations, one of which is that defendants' alleged conduct caused plaintiff's blood pressure to go "sky-high" (*See* 3d Am. Compl., ECF 73 ¶ 63), not to identify her trial witnesses. Thus, Dr. Levi, the orthopedic doctor who allegedly postponed plaintiff's knee surgery because of her high blood pressure (*see* Defs.' Reply Supp. Mot. Sanctions, Ex. 3, Pl.'s Dep., ECF 168-3 at 165), should have been identified in response to interrogatory 2.

The same is true for Dr. Ten, who is the physician referred to in paragraph 63 of plaintiff's third amended complaint. (*See* 3d Am. Compl., ECF 73 ¶ 63 (alleging that, when her blood pressure went "sky-high," plaintiff called her doctor, who doubled her normal dose of

blood pressure medication); Pl.'s Opp'n Mot. Sanctions, ECF 171 at 8 (stating that she saw Dr. Ten "one time in October 2014 because [of] . . . her escalating blood pressure" and he "told her to take a double dose of her current medication").) The fact that plaintiff only saw Dr. Ten once, her proffered reason for failing to identify him (*see* Pl.'s Opp'n Sanctions, ECF 171 at 8), does not excuse her from disclosing him to defendants.

Plaintiff again argues that her failure to disclose is harmless because she will not call Dr. Levi at trial and Dr. Ten's testimony, as a one-time treatment provider, is not as probative of her damages as that of her long-time treater Dr. Bice. Plaintiff is not, however, allowed to decide what information is relevant to defendants and tailor her discovery responses accordingly. Absent a protective order, which she did not seek, plaintiff was required to answer, and supplement her answers to, defendants' interrogatories as they were posed to her.

Because the record establishes that plaintiff willfully failed to provide information to defendants about her purported husband or former husband and the two doctors, though defendants' discovery requests and the Federal Rules of Civil Procedure plainly required her to do so, some sanction is warranted. However, the sanctions defendants seek, dismissal of the case or of plaintiff's claim for actual damages, are disproportionate to the discovery violations plaintiff committed. *See Rice v. City of Chi.*, 333 F.3d 780, 784 (7th Cir. 2003) ("Although there is no requirement that the district court select the 'least drastic' sanction, district courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'" (quoting *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)). Rather, the Court believes an appropriate sanction is to bar plaintiff from using evidence at trial from the witnesses she failed to disclose, *i.e.*, Dr. Ten, Dr. Levi, and plaintiff's purported husband/former husband/John Blanton in support of her claim. This sanction includes plaintiff being barred from presenting the medical findings or conclusions (of any nature) made by Drs. Levi or Ten through the testimony of an expert witness whose opinion is premised on those findings or conclusions. *See Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 589 (7th Cir. 2000) (noting that Federal Rule of Evidence 703 and case law envision that an expert's opinion can be based on the medical findings of another medical professional). However, plaintiff is not barred from presenting medical opinion evidence premised on other sources. Moreover, the Court extends discovery to May 7, 2018, solely to allow defendants to depose these three witnesses and plaintiff's brother, if defendants wish to do so and can obtain service on them. Finally, the Court orders plaintiff to provide to defendants within three days of the date of this Order whatever contact information she has with respect to the individual previously referred to in this litigation as her husband.

If plaintiff fails to do so, the Court will hold a hearing at which defendants can question plaintiff under oath to obtain that information and will extend discovery further to enable defendants to depose him.

**SO ORDERED.**  **ENTERED:   April 3, 2018**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**