IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELCINA BLANTON, ) | |
|    Plaintiff, ) | |
| v. ) | |
| ROUNDPOINT MORTGAGE SERVICING CORP., ) | Case No. 15 CV 3156 |
| and LOCKE LORD LLP ) | |
|    Defendants. ) | |

**DEFENDANTS' MOTION TO INCLUDE QUESTIONING ABOUT THE IDENTITY AND CONTACT INFORMATION OF "DR. TEN" AT THE UPCOMING EVIDENTIARY HEARING IN THIS MATTER**

The Court's April 3, 2018 Order found that Plaintiff had engaged in sanctionable conduct by failing to disclose several relevant witnesses. (Dkt. No. 181). As part of that Order, the Court ordered "plaintiff to provide to defendants within three days of the date of [the] Order whatever contact information she has with respect to the individual previously referred to in this litigation as her husband." (*Id.*). Plaintiff failed to comply with the Order, and as a result, the Court is preparing to conduct an evidentiary hearing regarding the relationship between Plaintiff and this mystery individual as well as the contact information and whereabouts of the individual.

Plaintiff's failure to disclose material witnesses goes beyond her concealment of the man previously referred to as her husband. It also includes her failure to disclose the physician who is purportedly referenced in the complaint. According to Plaintiff's deposition testimony that physician is named "Dr. Ten." Immediately after Dr. Ten was disclosed at Plaintiff's deposition, Defendants requested his address and contact information from Plaintiff's counsel. To date that request has been ignored. Further, Defendants have conducted several online searches in an attempt to locate any physician with the name Dr. Ten, but so far have not found any doctor with that name in Chicago. Because Plaintiff concealed the identity of Dr. Ten, and has refused to provide his address or contact information since her belated disclosure, the scope of the

evidentiary hearing should be expanded to include testimony regarding Dr. Ten, the location of his practice and his contact information.

## ARGUMENT

Defendants served Plaintiff with an interrogatory explicitly requesting the "names, addresses, and telephone numbers of all persons who have or are believed to have knowledge and/or information relating to the allegations in the Complaint, and the damages allegedly suffered by" Plaintiff. *See* Defendants' interrogatories to Plaintiff at interrogatory No. 2 attached as *Exhibit 1*. Plaintiff did not identify Dr. Ten in response to that interrogatory. *See* Plaintiff's responses to interrogatories attached as *Exhibit 2*. However, at her deposition, Plaintiff testified that Dr. Ten is the doctor referenced in paragraph 63 of her complaint, which is the only factual assertion of damages allegedly suffered by Plaintiff throughout the entire complaint. Dkt. No. 177, Plaintiff's deposition transcript at 154:12-156:1. In other words, Dr. Ten is both knowledgeable about "the allegations in the Complaint, and the damages allegedly suffered by" Plaintiff. *Ex. 1* at interrogatory No. 2. Immediately after Plaintiff's deposition, counsel for Defendants emailed counsel for Plaintiff requesting Dr. Ten's contact information. *See* March 8, 2018 email attached as *Exhibit 3*. Consistent with Plaintiff's discovery practices in this case, that email was summarily ignored.

There is no legitimate excuse as to why this physician was not disclosed back in January 2017 when Plaintiff provided her interrogatory responses, and there is certainly no excuse for Plaintiff failing to provide the contact information after he finally was disclosed at her deposition. Plaintiff claims that she did not identify Dr. Ten as an individual with knowledge about her claims because when it came time to answer Defendants' interrogatories "it slipped [her] mind." Dkt. No. 177, 151:3-4. In response to Defendants' motion for discovery sanctions, Plaintiff back peddled from that position and instead claimed that she did not disclose Dr. Ten

because she did not find disclosing him "necessary to list as an Interrogatory response" because a different doctor would be able to support her claims for damages. Dkt. No. 171 at p. 8. Plaintiff's flip-flopping and evasive conduct cannot continue undeterred.

As set out in detail in Defendants' motion for sanctions (Dkt. No. 149), reply (Dkt. No. 168) and sur-reply (Dkt. No. 178), discovery is a truth seeking process that encompasses more than just disclosing individuals that can help a party's case. Plaintiff's refusal to comprehend that her discovery obligations include the disclosure of documents and information that may be harmful to her assertions of damages is why an evidentiary hearing is happening in the first place. Plaintiff does not get to pick and choose which of her treating physicians will provide testimony in this matter. It is entirely possible, and Defendants think it is actually likely, that Dr. Ten will provide testimony that contradicts Plaintiff's claim of damages.

Defendants were prejudiced by Plaintiff's decision to conceal Dr. Ten during the discovery process because they were unable to seek Plaintiff's medical records form Dr. Ten, were unable to prepare to question Plaintiff about her purported visit to Dr. Ten, and are now unable to locate Dr. Ten (if he exists) to question him about his interaction with Plaintiff. More importantly, Plaintiff will not suffer any prejudice from having to answer a few questions about the location of Dr. Ten's office and providing his contact information; again discovery is a truth seeking process and according to Plaintiff Dr. Ten has information that will allow the parties to discover the truth about Plaintiff's visit with Dr. Ten.

## CONCLUSION

For all of the reasons set out above, Defendants should be able to ask Plaintiff about Dr. Ten's contact information and location of his practice under oath at the upcoming evidentiary hearing.

DATED: April 16, 2018

RoundPoint Mortgage Servicing Corporation and Locke Lord LLP

By: /s/ David F. Standa
One of Their Attorneys

Simon Fleischmann (6274929)
*sfleischmann@lockelord.com*
David F. Standa (6300942)
*dstanda@lockelord.com*
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312.443.0700

-5-

## CERTIFICATE OF SERVICE

  I, David F. Standa, an attorney, certify that I caused the foregoing Motion to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on April 16, 2018.

                /s/David F. Standa

CHI1 1812360v.1