**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MELCINA BLANTON, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
|      v. | )   Case No. 15 CV 3156 |
| | ) |
| ROUNDPOINT MORTGAGE SERVICING | ) |
| CORP., and LOCKE LORD LLP | ) |
| | ) |
|      Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

Blanton's response fails to identify any evidence sufficient to create a genuine issue of material fact that requires a trial to resolve. Ignoring the robust factual record developed over three-years of discovery, Blanton asserts a very forceful "David and Goliath" tale casting herself as a victim of an unspeakable tragedy for which she now seeks justice against a large corporation and a law firm acting in tandem for nefarious purposes. But her narrative finds no support in the record, and her brief fails to rebut the legal arguments supporting judgment in Defendants' favor as a matter of law.

Rather than identifying evidence of a genuine and material factual dispute, Blanton opposes Defendants' motion by relying on the allegations in her complaint and the Court's prior ruling on Defendants' motion to dismiss. This is insufficient under the well-established rule that a party cannot avoid summary judgment by relying on the pleadings, and Blanton's allegations were previously accepted as true by the Court *only* for the limited purpose of resolving a motion under Federal Rule 12(b)(6). Blanton has therefore not carried her burden to oppose summary judgment, and the Court should grant Defendants' Motion.

In addition, Blanton fails to rebut Defendants' dispositive legal arguments:

(1)     Blanton's ICFA claim (Count I) fails because there is no evidence that RoundPoint caused Blanton's alleged damages—the Seventh Circuit instructs that a treating physician such as Dr. Bice cannot testify *as to causation* without submitting an expert report;

(2)     Locke Lord is not a "debt collector" under the FDCPA (Count II) based on the unrebutted affidavit of one of its partners—the firm's website plainly does not say what Blanton says it says;

(3)     Blanton's RESPA claim (Count III) fails because she did not send her purported notice of error to the address properly designated by RoundPoint for receiving that type of correspondence; and, in any event, RoundPoint timely complied with RESPA and Blanton identifies no evidence of any actual damages resulting specifically from the alleged RESPA violation; and

(4)     Blanton's common-law conversion claim (Count IV) fails because the unrebutted account records show that the funds in question were applied to her mortgage account and not stolen.

In sum, after years of litigation, Blanton has not carried her burden to identify evidence sufficient to establish that a genuine issue of material fact exists in this case, nor has she rebutted the legal arguments that entitle Defendants to a judgment as a matter of law. This case should not be sent to a jury under these circumstances. Summary judgment should be entered in favor of Defendants.

## ARGUMENT

I.      **Blanton's ICFA claim fails because her allegations are unsupported by the facts in the record and her identified expert cannot testify as to causation of damages.**

Blanton's argument in support of her ICFA claim relies on this Court's previous order rejecting a similar argument in Defendants' motion to dismiss Blanton's Third Amended Complaint ("TAC"). (Dkt. No. 220 at pp. 10-11.) Defendants, however, are not arguing that Plaintiff failed to "set forth a prima facie case under the ICFA" in her pleadings. Instead, Defendants are arguing that there is no *evidence* to support her claims at the summary judgment

stage. The Court has not ruled that there was "sufficient evidence" to support Blanton's allegations, only that the allegations were sufficiently pled.

Blanton's argument fails to understand the difference between the standards applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and motions for summary judgment under Rule 56. When ruling on a 12(b)(6) motion, a court only looks within the four-corners of the complaint to see if the plaintiff has stated a claim upon which relief can be granted, "accepting all well-pled allegations … as true and drawing all inferences in favor of the plaintiff." *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996).

The standard on summary judgment is materially different: "summary judgment should be granted if there is no genuine issue of material fact and the **record demonstrates** that the moving party is entitled to a judgment as a matter of law." *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009) (emphasis added). A party cannot oppose summary judgment as Blanton has here—by simply offering a declaration that generally says the allegations in the complaint are true. *United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1265 (7th Cir. 1990) ("[T]he facts alleged in plaintiffs' [verified] complaint have little relevance at the summary judgment stage. The plaintiffs must go a step further and make a specific, supportable showing to defeat a motion for summary judgment. The affidavits plaintiffs filed in this case do nothing more than condense the facts alleged in the complaints. There were no additional facts to be gleaned from the affidavits—they simply reiterate the allegations of the original complaints without providing any factual support. In light of this fact, the district court properly granted summary judgment with respect to the disparate impact claims in the

complaint."). Blanton points to no evidence in the record which would give support to her allegations.

Moreover, contrary to Blanton's response, Defendants do not argue that she did not identify Dr. Bice as her expert witness. (Dkt. No. 220 at pp. 11-12.) Defendants expressly acknowledged that Dr. Bice was the only physician that Blanton *could* offer to testify about her damages. (Dkt. No. 204 at pp. 9-10.) Blanton's allegation that the Defendants made a "blatant misrepresentation to the Court" (Dkt. No. 220 at p. 11) is baseless.

To clarify the point, the problem with Dr. Bice offering expert testimony as to the *causation* of Blanton's alleged actual damages is that he did not submit an expert report. (Dkt. No. 204 at pp. 9-12.) Established caselaw in the Seventh Circuit is clear on this point: a treating physician cannot testify as an expert regarding causation unless they submit an expert report under Federal Rule of Civil Procedure 26(a)(2). *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734–35 (7th Cir. 2010); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 n.14 (7th Cir. 1994). Dr. Bice was thus required to submit an expert report if Blanton intended for him to testify as to his opinion on causation, but Blanton declined to have Dr. Bice submit such a report.

Blanton's response does not address this binding authority, but instead attempts to sidestep it by citing to the commentary of Rule 26, which notes that a treating physician is not required to submit a written report if they are not "specially employed" to provide such testimony. (Dkt. No. 220 at p. 12.) The Seventh Circuit, however, has rejected this argument and held that the witness's status as treating physician does not insulate them from the requirement of submitting an expert report if they are testifying as to causation:

> We … conclud[e] that a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that

> determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2).

*Meyers*, 619 F.3d at 734-35 (quoting Fed. R. Civ. P. 26 cmt. to 1993 Amendment). Dr. Bice is therefore prohibited from offering any expert testimony as to the causation of Blanton's injuries because he did not provide an expert report as required by Rule 26 and binding Seventh Circuit precedent.

Absent evidence of causation, Blanton's ICFA claim fails as a matter of law. *See Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 502, 675 N.E.2d 584, 594 (1996) ("Plaintiffs can recover damages under the Consumer Fraud Act *only* for injuries that were proximately caused by the alleged consumer fraud." (emphasis in original)); *see also Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 945 (7th Cir. 2005) (noting that a "causal link" between the defendant's conduct and plaintiff's damages must be established to sustain an ICFA claim). At his deposition, Dr. Bice testified that (1) Blanton never mentioned her struggles with her mortgage or payments during treatment; (2) Blanton suffered from obesity, arthritis, and hypertension for thirteen years before she had any interaction with the Defendants; (3) Blanton is "chronically depressed and anxious"; and (4) he would not describe her as healthy at any point from 2012 through the present. (Dkt Nos.. 201 at ¶¶ 50-52 & 204 at p. 11.) Accordingly, even if Dr. Bice was able to testify about causation in this case, no part of his testimony suggests that RoundPoint caused any damages.

Simply put, Dr. Bice is not qualified to testify as an expert on causation and Blanton cannot provide any other evidence that establishes Defendants' conduct was the proximate cause of her alleged injuries. As a result, Blanton cannot show that a genuine issue of material fact

exists as to a dispositive element of her ICFA claim. Defendants are thus entitled to summary judgment on Count I.[1]

## II. The unrebutted evidence shows that Locke Lord LLP is not a debt collector under the FDCPA; reference to debt collection on Locke Lord's website expressly concerns *commercial* debt outside the scope of the FDCPA.

Similar to her argument in support of her ICFA claim, Blanton argues that Locke Lord's argument that it is not a debt collector under the FDCPA fails simply because this Court rejected a similar argument in denying Defendants' motion to dismiss Blanton's TAC. (Dkt. No. 220 at pp. 7-8.) Contrary to Blanton's argument, however, the Court's previous order only concluded that Blanton sufficiently stated a claim for relief under Rule 8. It has not "already determined that Locke Lord qualifies as a debt collector." (Dkt. No. 220 at p. 9.) Blanton again misunderstands the difference between a motion to dismiss and a motion for summary judgment. *See Travel All Over the World*, 73 F.3d at 1429; *Donato*, 2002 WL 1364082, at *1; *see also Hukic*, 588 F.3d at 432.

Here, Locke Lord submitted an affidavit from one of its partners to establish that the firm does not fit the definition of a debt collector under the FDCPA: its principal business is not debt collection and it does not regularly engage in the collection of debt for others. (Dkt No. 201 at ¶¶ 53-55 & 204 at 14-15.) Moreover, the evidence demonstrates that Blanton's debt was not in default—nor was it treated as such—at the time RoundPoint acquired it. (Dkt No. 201 at ¶¶ 11-18, 21-23 & 204 at 15-17.) Whether Defendants' argument was rejected by the Court at the motion to dismiss stage is of no matter. The Court there only concluded that Blanton sufficiently

---

[1] Blanton fails to respond to Defendants' argument that she is not entitled to punitive damages because the evidence establishes that Defendants' alleged conduct was not outrageous or reckless. (Dkt. No. 204 at pp. 12-13.) Blanton has thus waived any argument on this issue. *Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, 600 (7th Cir. 2014) ("[A] non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."); *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999).

stated a claim. (Dkt. No. 71.) This conclusion has no effect on the Court's decision after the parties have conducted discovery and the record demonstrates that the evidence supports the Defendants' argument.

Perhaps sensing this is a glaring shortcoming, Blanton argues that Locke Lord's website claims that it regularly collects the debts of others and is a "debt collector" under the FDCPA. (Dkt. No. 220 at p. 9 (citing to https://www.lockelord.com/services/practices/banking--finance/debt-finance--capital-markets).) However, Blanton plainly misreads web content she now relies upon. That portion of the website is for the firm's Debt Finance practice group, which deals with commercial—not consumer—debt. As detailed on the website referenced by Blanton, attorneys in this practice group represent financial institutions and private equity firms in financing projects around the globe. The reference to collection matters appears in a paragraph that specifically deals with insolvency and restructuring of debt for large **corporations**. Accordingly, Blanton's reference to Locke Lord's website does not create a genuine issue of material facts as to the FDCPA claim.

Moreover, Blanton took Locke Lord's deposition and had an opportunity to explore these issues if she wished, yet she did not ask a single question about Locke Lord's Debt Finance practice or if the firm participates in any kind of debt collection activity. Regardless, the plain language of Locke Lord's Debt Finance practice as described on the firm's website has nothing to do with collecting consumer debts as defined by the FDCPA.

Finally, Blanton argues hypothetically that even if the proportion of debt collection services is small in comparison to other matters handled by the firm, Locke Lord is still a debt collector if the total volume of these services is "great enough." (Dkt. No. 220 at pp. 9-10.) Quoting a Second Circuit case, she argues that a court should assess "facts closely relating to

ordinary concepts of regularity … ." (Dkt. No. 220 at p. 10 (quoting *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62 (2d Cir. 2004).) Blanton, however, provides no evidence to show that any of these "concepts" fall in her favor. She cites to no evidence of any supposed "volume" of debt collection activity that Locke Lord allegedly engages in. Summary judgment is not the time for hypotheticals.

Blanton is grasping at straws. There is simply no evidence to support her contention that Locke Lord is a debt collector pursuant to the FDCPA. In fact, the only evidence in the record affirmatively establishes that Locke Lord does not meet the FDCPA's definition of debt collector. Locke Lord is thus entitled to summary judgment on Count II.

**III.     Plaintiff fails to address any of Defendants' arguments regarding her RESPA claim.**

Blanton contends that "Defendants have not submitted any new evidence" to defeat her RESPA claim, but that is incorrect. Defendants' motion established that Count III fails for four reasons: (1) there is no cause of action under 12 C.F.R. § 1024.35(b)(5); (2) *the evidence obtained through discovery* established that her alleged notice of error was not sent to the correct designated address pursuant to 12 C.F.R. § 1024.35(c); (3) even if Blanton's letter triggered RESPA obligations, *the evidence in the record shows* that RoundPoint complied with RESPA in its response to Blanton; and (4) *there is no evidence in the record* that Blanton suffered actual damages as a result of RoundPoint's response to her letter. (Dkt. No. 204 at pp. 3-8.)

Blanton's response fails to engage with any of these arguments or demonstrate why they are wrong. Instead, after quoting RESPA regulations at length, Blanton again relies on this Court's denial of the Defendants' previous motion to dismiss as a reason for why summary judgment should also be denied. (Dkt. No. 220 at pp. 16-17.) As discussed above, the Court's order on Defendants' prior motion to dismiss does not give Blanton a free pass on a motion summary judgment. RoundPoint is thus entitled to summary judgment on Count III.

IV.    **There was no conversion of funds.**

Blanton's account records conclusively establish that the money in her suspense account was correctly applied to the principal and interest amounts due for July 2014 through February 2015. (Dkt. No. 204 at p. 13; Dkt. No. 201 at ¶ 53; *id.* at Ex. 3, ¶ 6 & Ex. B.) On August 31, 2016, these overdue monthly mortgage payments totaled $4,268.81, which also included a corporate advance of $314.43. (Dkt. No. 201 at ¶ 53 & Ex. 3, ¶ 6.) On the same day, her suspense account totaled $3,954.49. (*Id.*) RoundPoint applied the funds in the suspense account to these overdue payments. (*Id.*)

Blanton does not address this evidence and instead points to a January 20, 2015 entry in her payment history labeled "Misapplication Reversal" as alleged proof that RoundPoint converted these funds. (Dkt. No. 220 at p. 14.) Blanton argues that this one entry demonstrates these funds "simply disappeared" from her account. (*Id.* at p. 14.) But eight of the next nine entries in the payment history indicate payments credited to her account starting in July 2014 and ending in February 2015.[2] (Dkt. No. 201-3 p. 14.) All of these entries have a transaction date of August 31, 2016. (*Id.*)

In short, all of the money that Blanton has paid on her mortgage loan is fully accounted for in the account records. Blanton points to no evidence in the record to demonstrate that the payment history is incorrect. In other words, Blanton has failed to identify any evidence to create a genuine and material factual issue on Blanton's conversion claim. Moreover, there is no evidence of theft in this case. RoundPoint is thus entitled to summary judgment on Count IV..

---

[2] Seven of the entries—starting with the Payment Due Date of 7/1/2014—have Payment Interest Amount and Payment Principal Amount totaling $609.83. (Dkt. No. 201-3 p. 14.) Those seven entries total $4,268.81. (*Id.*) When the negative Payment Fee Amount entry of $314.32 with a Payment Due Date of 7/1/2014 is subtracted out, it totals $3,954.49, which is the exact amount Blanton claims was purportedly converted. (*Id.*)

## CONCLUSION

For the foregoing reasons, this Court should grant summary judgment in favor of Defendants RoundPoint and Locke Lord on all of Blanton's claims.


Simon Fleischmann
*sfleischmann@lockelord.com*
David F. Standa
*dstanda@lockelord.com*
Michael McGivney
*michael.mcgivney@lockelord.com*
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-443-0700

Respectfully submitted,

ROUNDPOINT MORTGAGE SERVICING
CORPORATION and LOCKE LORD LLP

By:   /s/  David F. Standa
            One of Their Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I, David F. Standa, an attorney, do hereby certify that on November 29, 2018, I caused the foregoing to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.


_____ /s/ David F. Standa _____